**J. Douglas Quirke**, OSB # 95534
doug@ocwap.org
Oregon Clean Water Action Project
P.O. Box 11501
Eugene, OR 97440
Telephone: (541) 686-3027
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

FILED 10/8/10

## EUGENE DIVISION

| | |
|---|---|
| **WILLAMETTE RIVERKEEPER, an Oregon nonprofit corporation** | **CV.** 10-6329-AA |
| **Plaintiff,** | **COMPLAINT (Clean Water Act Citizen Suit)** |
| **v.** | |
| **REAL WOOD PRODUCTS CO., an Oregon corporation,** | |
| **Defendant.** | |

## INTRODUCTION

1.  This action is brought under the citizen suit provision of the Federal Water Pollution Control Act (commonly known as the Clean Water Act and hereinafter referred to as the Act), 33 U.S.C. § 1365.  Defendant has discharged and is reasonably likely to continue to discharge pollutants to the waters of the United States without a permit, in violation of § 301(a) of the Act, 33 U.S.C. § 1311(a).  Plaintiff seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorney and expert witness fees.

**Complaint (Clean Water Act Citizen Suit)**                                        **Page 1**

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331.  The relief requested is authorized pursuant to 33 U.S.C. §§ 1319 and 1365(a) and 28 U.S.C. §§ 2201 and 2202.

3.  On or about June 22, 2010, Plaintiff gave notice of the violations specified in this complaint and of its intent to file suit to the Administrator of the U.S. Environmental Protection Agency (EPA), to the Regional Administrator of the EPA, to the Oregon Department of Environmental Quality (DEQ), to the Defendant, and to the Defendant's registered agent, as required by Section 505(b)(1)(A) of the Act, 33 U.S.C. § 1365(b)(1)(A).

4.  More than sixty days have passed since notice was served, and the violations complained of in the notice are continuing at this time.  Neither the EPA nor the DEQ has commenced or is diligently prosecuting a civil or criminal action to redress the violations.

5.  Defendant remains in violation of the Act.

6.  Venue is appropriate in the District of Oregon pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within the District.

## PLAINTIFF

7.  Plaintiff is a nonprofit corporation organized under the laws of the State of Oregon. Plaintiff's offices are located in Portland, Oregon.  Plaintiff's members reside throughout the Willamette Basin, including Lane County.  Members of Plaintiff use, enjoy, and recreate in the waters of the Willamette River and its tributaries, in the vicinity of, and downstream from, Defendant's discharges, including, but not limited to, the following:

(a)  Plaintiff's members recreate, observe, and enjoy wildlife, including participation in bird watching around the waters of the Willamette River and its tributaries;

(b)  Plaintiff's members have an aesthetic interest in the natural beauty and biodiversity of the of the Willamette River and its tributaries in the area of and downstream from Defendant's discharges.  Plaintiff's members engage in fishing, boating, and swimming in the Willamette River and its tributaries.

The recreational, health, aesthetic and environmental interests of Plaintiff's members have been, are being, and will be adversely affected by Defendant's unpermitted discharges.

8.  Plaintiff works to protect and restore the Willamette River and its tributaries.  Plaintiff has standing in this suit to protect its own interests and those of its individual members in a representative capacity.  Plaintiff's organizational purposes are adversely affected by Defendant's discharges, which degrade the receiving waters as fish and wildlife habitat, recreational sources, and sources of aesthetic benefits.

## DEFENDANT

9.  Defendant is a corporation doing business in the State of Oregon.  Defendant manufactures wood products at facilities located at 90 Foch Street and on Cross Street in Eugene.

## FACTS

10.  Stormwater at Defendant's Foch Street facility flows to the A-3 Channel of the Amazon Creek System via the City of Eugene storm sewer system, while stormwater at Defendant's Cross Street facility flows to the Roosevelt Channel of the Amazon Creek System via the City of Eugene storm sewer system. The aforementioned waterways constitute "waters of the United States."

11.  Defendant discharges stormwater from "point sources" as that term is interpreted under the Act.

12. Defendant's stormwater discharges are discharges from point sources into navigable waters of the United States within the meaning of Section 301 of the Act, 33 U.S.C. § 1311.

13.  Defendant does not have a National Pollution Discharge Elimination System (NPDES) permit issued pursuant to the Federal Water Pollution Control Act allowing it to discharge to the waters of the United States.

## COUNT 1

### Discharge of Pollutants Not Authorized by a NPDES Permit

14.  Section 301(a) of the Federal Water Pollution Control Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into navigable waters of the United States, unless in compliance with various enumerated sections of the Act.  Section 301(a) prohibits, inter alia, such discharges unless pursuant to the terms of a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

15.  Oregon Revised Statutes § 468.050 prohibits the discharge of any pollutant unless such discharge is specifically permitted in a NPDES permit.

16.  Defendant's stormwater discharges have violated and are reasonably likely to continue to violate Section 301(a) of the Act, 33 U.S.C. § 1311(a) and Oregon Revised Statutes § 468.050.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

A.  Issue a declaratory judgment that Defendant has violated and continues to be in violation of Section 301 of the Federal Water Pollution Control Act, 33 U.S.C. § 1311 and Oregon Revised Statutes § 468.050.

B.  Enjoin Defendant from operating its Eugene facilities in such a manner as will result in further violation of the Act.  In particular, Plaintiff seeks an order enjoining Defendant from discharging stormwater without a NPDES permit.

C.  Order Defendant to provide Plaintiff, for a period beginning on the date of the Court's Order and running for one year, with a copy of all reports and other documents that Defendant submits to EPA, DEQ, or DEQ's agent regarding Defendant's discharges or NPDES permit at the time it is submitted to these authorities;

D.  Issue a remedial injunction ordering Defendant to pay the cost of any environmental restoration or remediation deemed necessary and proper by the Court to ameliorate any water degradation caused by Defendant's violations;

E. Order defendant to pay civil penalties of $37,500 per day of violation for each Clean Water Act violation, pursuant to Sections 309(d) and 505(a) of the Clean Water Act, 33 U.S.C. §§ 1319(c) and 1365(a);

F.  Award Plaintiff its costs, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the Act, 33 U.S.C. § 1365(d);  and

G.  Award such other relief as this Court deems appropriate.

Dated this 8th day of October, 2010

Respectfully submitted,

s/J. Douglas Quirke

**J. DOUGLAS QUIRKE**
OSB # 95534
[541] 686-3027
Attorney for Plaintiff